IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE PHILLIPS, | § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 4:21-cv-322 |
| VS. | § § | |
| | § | |
| DESSERT GALLERY COMMISSARY, | § | **JURY DEMAND** |
| LTD. and DESSERT GALLERY NO. 1, | § | |
| LTD., | § § | |
| Defendants. | § § | |

## COMPLAINT AND JURY DEMAND

Plaintiff Katherine Phillips ("Plaintiff" or "Ms. Phillips"), by and through her undersigned counsel, and for her Complaint in this action against Defendants Dessert Gallery Commissary, Ltd. and Dessert Gallery No. 1, Ltd., (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.  This is an action for injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to her sexual orientation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and § 21.051 of the Texas Labor Code ("TLC").

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights

under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are residents and have a principal place of business in this judicial district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

5. Plaintiff was issued a notice of right to sue by the EEOC on October 30, 2020.

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff Katherine Phillips is a resident of Harris County, Texas. At all relevant times, Plaintiff is and has been a resident of the State of Texas and met the definition of an "employee" under all applicable statutes.

8. Upon information and belief, Defendants Dessert Gallery Commissary, Ltd., ("DGC") and Dessert Gallery No. 1, Ltd., ("DG1") are engaged in restaurant and retail. At all relevant times, DGC and DG1 have met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff is a former employee of Defendants.

10. Plaintiff is a black, lesbian woman.

11. Ms. Phillips began her employment in February 2019 as a delivery driver for the commissary. In October 2019, she was inexplicably removed and placed in the retail store. The

[2]

COO, Nicole Morris, replaced Ms. Phillips with her spouse, Ron Morris.

**Passed Over for Promotion**

12. When Ms. Phillips moved to the retail store, she completed her tasks timely and provided great customer service. During this time, Ms. Phillips was informed that she would receive training in preparation for a promotion to shift lead. Ms. Phillips had the qualifications and seniority that placed her in alignment for the promotion.

13. However, Ms. Phillips was passed over for the position. Not only did she not receive any training, or the opportunity to obtain the promotion, but an outside hire was brought in to fulfill the shift lead position.

**LGBTQ Commentary**

14. During Ms. Phillips' tenure, she was subjected to comments about her and other out LGBTQ colleagues by co-workers and management staff. Ms. Phillips was out about her sexual orientation and would be subjected to accusatory comments about her attraction to customers entering the store. Comments such as "Well, I know you like big girls." Or "I see you staring," when Ms. Phillips was simply doing her job by providing service to customers who enter the store. While these comments were continuous, when Ms. Phillips would ask for assistance or any questions in general, she was often blatantly ignored.

15. With respect to her LGBTQ colleagues, there was an out transgender woman who worked for Defendants. Ms. Phillips would hear negative comments being made about the woman, including "I don't know why [she] was parading around like a woman." Ms. Phillips spoke up about the situation stating that it is not right what they are saying and that "[she] is a woman." The transgender employee was terminated one-month prior to Ms. Phillips' termination by the COO, Nicole Morris.

**Promotion and Ultimate Termination**

16. Despite being in an environment laced with homophobic rhetoric and the negative impact on Ms. Phillips, Ms. Phillips continued to do her job and was promoted to shift lead by the general manager, Gilbert Johnson in June 2020. At the time there were two other shift leads. Of the three shift leads, including Ms. Phillips, two shift leads were learning the new systems. The other shift lead received much facetime from upper management, including Ms. Morris, who assisted her with adjusting to the new position. Ms. Phillips did not receive such assistance. Actually, one month into the position, and without explanation, the general manager was ordered to demote Ms. Phillips from shift lead.

17. One month after Ms. Phillips was demoted, she was terminated by Ms. Morris. The reason given for her termination was that Ms. Philips allegedly told other workers they were going to be written up, which is not accurate.

## FIRST CAUSE OF ACTION

**(Discrimination in Violation of Title VII of**

**the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*.)**

23. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

24. Defendants' conduct as alleged at length herein constitutes discrimination based on sex and sexual orientation in violation of Title VII.

25. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION

**(Discrimination in Violation of the Texas Labor Code)**

26.     Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

27.     Defendants' conduct as alleged above constitutes unlawful discrimination based on sex and sexual orientation in violation of the Texas Labor Code.

28.     As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION

**(Hostile and Abusive Working Environment)**

35.     Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

36.     Defendants' conduct as alleged above constitutes a hostile and abusive working environment in violation of Title VII and the Texas Labor Code.

37.     As a direct and proximate result of Defendants' hostile and abusive working environment, Plaintiff has suffered damages for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.     An injunction and order permanently restraining Defendants from engaging in

such unlawful conduct;

B.	An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

C.	An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

D.	An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

E.	An award of punitive damages;

F.	An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G.	Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: February 1, 2021.

Respectfully submitted,

_/s/ Fran Watson_____
Fran Watson, Attorney at Law
Texas State Bar No.:  24070816
6200 Savoy Dr. Suite 1202

[6]

Houston, Texas 77036
Telephone: (281) 954-0590
Facsimile: (832) 553-1875
E-mail:  fran.watson@fwatsonlaw.com

[7]